LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822
Email: Ldell@Louisdell.com

Attorney for Plaintiff,
HAMPARSOUM HALWAJIAN

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMPARSOUM HALWAJIAN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>RESURGENCE LEGAL GROUP, PC,<br><br>　　　　　Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES |

- 1 –

COMPLAINT FOR DAMAGES

Plaintiff, HAMPARSOUM HALWAJIAN, by his attorney, states as follows:

## INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq.*] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." (15 U.S.C. 1692(e)) Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. (Cal. Civ. Code § 1788.1(a)(i).) The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. (Cal. Civ. Code § 1788.30)

## JURISDICTION

4. Federal court jurisdiction is founded upon claims made under the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*]. The court has supplemental jurisdiction over the state law claims made herein.

COMPLAINT FOR DAMAGES

# PARTIES

5. Plaintiff HAMPSARSOUM HALWAJIAN ("Halwajian" or "Plaintiff") is a natural person, and resides in the State of California, County of Los Angeles.

6. Plaintiff incurred debt(s), later described herein, collected by the defendants which were primarily for personal, family, or household purposes. Plaintiff is therefore entitled to protection under the FDCPA, 15 U.S.C. § 1692a(3) ("consumer") & § 1692a(5) ("debt"). These debt(s) arose from a "consumer credit transaction" in which property, services or money was acquired on credit. (Cal. Civ. Code § 1788.2, subd. (e))

7. Defendant RESURGENCE LEGAL GROUP, PC ("Resurgence") is headquartered in Illinois, and on information and belief, is incorporated and in Illinois. Defendant also conducts business in other states, including California.

8. Resurgence is a debt collections company engaged in collection of debt(s) allegedly owed by Halwajian, including, but not limited to, Judgement amounts, interest, late penalties, court costs, and other expenses.

9. As advertised on its website, Resurgence is "a leading regional law firm specializing in consumer debt collection. Resurgence works with clients that have business in Illinois, Wisconsin, Minnesota, and California to collect receivables using a proprietary litigation-centric collection model."

10. On information and belief, Resurgence has a submitted an application to the California Department of Financial Protection & Innovation perform debt collection business in California.

11. Resurgence is a person who uses instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This also includes taking or

threatening to take any nonjudicial action to effect dispossession or disablement of property. Resurgence is a debt collector under FDCPA. (15 U.S.C. § 1692a(6)), & § 1692f(6)).

12. Resurgence, in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act (Cal. Civ. Code § 1788.2(c) ("debt collector")).

13. Plaintiff is informed and believes and thereupon allege that each defendant is an agent or principal of each other defendant, that all acts were done at the instance and/or behest of each other defendant, and that all acts complained of were ratified by each other Defendant.

14. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

15. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

16. The defendants herein are collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

17. On or around March 22, 2022, Plaintiff received an initial debt collection letter from Resurgence seeking to collect a judgment with interest, fees, and costs in the amount of $10,251.97.

18. The FDCPA, 15 U.S.C. § 1692g, requires that within five days after the initial communication with a consumer in connection with the collection of

any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19.    Resurgence did not include in its initial communication, or in any communication within five days of sending the initial communication, the above information required by Section 1692g.

20.    The debt collection letter also falsely states that it was sent pursuant to the request made by the plaintiff. However, the plaintiff never made any such request.

21.    The plaintiff is disabled, and his sole source of income is social security benefits. Since the letter did not identify the judgment creditor, Unifund CCR,

1  LLC, the plaintiff was left to wonder whether this was a different judgment against him which would be added to his already bleak financial woes. Upon receipt of the letter, he feared that Resurgence would garnish his social security benefits by using unfair and deceptive practices.

22. As a direct and proximate result of all acts, omissions, and consequences thereof, Plaintiff has sustained statutory damages.

23. The plaintiff has suffered actual damages of emotional distress, including but not limited to frustration, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

24. Plaintiff has further suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had the defendant not so acted. Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit.

## FIRST CLAIM

(Violation of the FDCPA)

25. Paragraphs 1-24 of this complaint are alleged in this claim.

26. This claim is asserted by Plaintiff against each of the defendants.

27. The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 et seq. including but not limited to:

    a. Violations of § 1692g by not providing the right to request validation of the debt.

    b. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

    c. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

    e. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt. Each of the defendants' actions taken as a whole, as described in this lawsuit, was harassing, oppressive, and abusive.

28. The violations are among the defendants' practices towards numerous consumers, such as the plaintiff, for which the defendants are motivated by enhanced collection revenues.

29. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CLAIM

(Violation of the California Rosenthal Act)

30. Paragraphs 1-24 of this complaint are alleged in this claim.

31. This claim is asserted by Plaintiff against each of the defendants.

32. The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 et seq.

33. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

COMPLAINT FOR DAMAGES

34. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff prays judgment in his favor as follows:

FOR THE FIRST CLAIM against each of the defendants:
1. Actual damages according to proof;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

FOR THE SECOND CLAIM against each of the defendants:
1. Actual damages according to proof;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 22, 2022                   Law Office of Louis P. Dell

/s/ Louis P. Dell
Attorney for Plaintiff,
Hamparsoum Halwajian